■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID RODRIGUEZ, Appellant.— Judgment, Supreme Court, New York County, rendered July 2, 1974, unanimously modified, in the exercise of discretion and the interest of justice, to vacate the sentence of one year and to remand to the sentencing Justice to impose a sentence of intermittent imprisonment pursuant to section 85.00 of the Penal Law, and otherwise affirmed. In our view, considering all the circumstances of this case, as well as the probation report, confinement for the term imposed is inappropriate. On the other hand, probation is not called for as it would confer no particular benefit upon society: defendant-appellant is well-adjusted and employs his time usefully. Nor is full-time confinement called for, for he is not a criminal in the ordinary sense and has only this aberrant, hot-blooded, not unprovoked act to his discredit. And yet some penalty must be imposed in furtherance of the deterrent and punitive aspects of the sentencing process. Imposition of an intermittent sentence appears, in our view, to provide the appropriate sanction. The sentencing court will require an updated probation report, particularly to provide information as to the days and hours of defendant's employment so that the court may be enabled to impose such terms as will properly fulfill the purposes of an intermittent sentence. Concur — McGivern, P. J., Markewich, Nunez and Macken, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER CORSO, Appellant.— Order, Supreme Court, New York County, entered on April 27, 1972, denying, without a hearing, defendant's motion to be resentenced, *nunc pro tunc,* unanimously reversed, on the law, and said motion granted. Defendant was never advised of his right to appeal the judgment rendered June 30, 1953, convicting him, on his guilty plea, of robbery in the first degree and sentencing him to State prison for a term of not less than 15 nor more than 25 years. Since defendant asserts that he would have claimed excessiveness of sentence on appeal had he been properly advised, he has presented a viable claim warranting appropriate relief. (*People* v. *Lynn,* 28 N Y 2d 196; *People* v. *Coleman,* 30 N Y 2d 582.) However, in view of the fact that severity of sentence is defendant's principal plaint, his presence at the resentence granted hereby is not required. (*People* v. *Clifford,* 38 A D 2d 952.) Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Lane, JJ.