◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST C. WHITE, JR., Appellant. — Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered January 14, 1980, upon a verdict convicting defendant of the crime of criminal trespass in the second degree. The maximum punishment prescribed for criminal trespass in the second degree is a definite sentence not to exceed one year (Penal Law, § 70.15) in the county correctional institution (Penal Law, § 70.20, subd 2). The trial court imposed on this defendant an intermittent sentence of 52 weekends in the Columbia County Jail. The legality of this sentence is the only issue on this appeal. Conceding an intermittent sentence to be authorized and appropriate in these circumstances (Penal Law, § 85.00, subd 2), we hold, nevertheless, that the sentence imposed herein is invalid, substantively and procedurally. Pursuant to subdivision 3 of section 85.00 of the Penal Law: "A sentence of intermittent imprisonment may be for any term that could be imposed as a definite sentence of imprisonment for the offense for *which such sentence is imposed. The term of the sentence shall commence on the day it is imposed and shall be calculated upon the basis of the duration of its term, rather than upon the basis of the days spent in confinement, so that no person shall be subject to any such sentence for a period that is longer than a period that commences on the date the sentence is imposed and ends on the date the term of the longest definite sentence for the offense would have expired*" (emphasis added). Thus, the sentence imposed here, which requires the defendant to spend "the next 52 weekends in the county jail", clearly violates the provisions of the above-underlined section of the statute by extending the incarceration of the defendant beyond the period of one year from the day of sentencing. (See Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 85.00, p 284). Moreover, the trial court did not comply with the mandate of subdivision 4 of section 85.00 requiring the court to specify not only the terms of sentence but the days or parts of days on which the sentence is to be served (Penal Law, § 85.00, subd 4, par [a], cl [iii]) and the first and last dates on which the defendant is to be incarcerated under the sentence (Penal Law, § 85.00, subd 4, par [a], cl [iv]; see *People v Warren,* 79 Misc 2d 777, 785). Furthermore, regardless of its validity, the sentence of 52 weekends is exces-

sive in the circumstances and the judgment should be modified, as a matter of discretion and in the interest of justice, by reducing the sentence to an intermittent term to be served on weekends for a period of six months, giving appropriate credit for whatever jail time defendant may have already served *(People v Verrios,* 60 AD2d 536). Therefore, the case must be remanded to the sentencing court pursuant to CPL 460.50 (subd 5) for the imposition of the days of the particular weekends defendant is to serve *(People v Moretti,* 60 AD2d 849), so as to preserve defendant's employment and to properly fulfill the purposes of an intermittent sentence *(People v Rodriguez,* 46 AD2d 863). Judgment modified, in the exercise of discretion and in the interest of justice, by reducing the sentence to a sentence of intermittent imprisonment for a period of six months, to be served on such days of the weekends contained in that period as upon remand the sentencing court determines will fulfill the purposes of an intermittent sentence, and, as so modified, affirmed. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.