■ UTE DAVENPORT, Respondent, v LEONARD GUARDINO, Appellant.—Order of the Family Court, New York County (Christine Gartner, Hearing Examiner), entered April 7, 1988, which, upon findings of fact, found that respondent had willfully failed to comply with a prior order of the court dated December 29, 1986 and failed to pay arrears in the amount of $2,900, unanimously affirmed, without costs. Order of the same court (George L. Jurow, J.), entered August 8, 1988, which committed respondent to the New York City Department of Correction for a period of six months, to be served on weekends, unless he complied with a direction to pay weekly support and arrears in amounts specified, unanimously modified, on the law, to the extent of remanding the matter to Family Court for resentencing within the limit imposed by Family Court Act § 454 (3) (a) as provided by section 85.00 of the Penal Law and, except as so modified, affirmed, without costs.

Family Court Act § 454 (3) (a) provides that the term imposed pursuant to an order of commitment, which shall not exceed six months, "may be served upon certain specified days or parts of days as the court may direct". This language describes a "sentence of intermittent imprisonment", defined as a "revocable sentence of imprisonment to be served on days or during certain periods of days, or both, specified by the court" (Penal Law § 85.00 [1]). In our opinion, this definition should be applied as a rule of practical construction (McKinney's Cons Laws of NY, Book 1, Statutes § 128). The term of commitment is measured from the day it is imposed to the date the term of the longest definite sentence for the offense would have expired rather than being calculated on the basis of the number of days actually spent in confinement (Penal Law § 85.00 [3]). The order of commitment appealed from, extending over approximately 90 weekends, therefore exceeds the maximum permissible term *(People v White,* 83 AD2d 668).

As so limited, a civil commitment pursuant to Family Court Act § 454 (3) does not, as respondent asserts, constitute a "self-executing order * * * for future jail commitment" *(Matter of Rogers v Rogers,* 77 AD2d 818). Rather it is a device employed upon a finding of a willful failure to fulfill past support obligations, nonpayment of which is merely prima facie evidence of willfulness (Family Ct Act § 454 [3] [a]). The purpose is to compel timely payment of arrears during which the order of commitment remains suspended, and violation of its terms results only in revocation of the suspension and imposition of the remainder of the original sentence (Family Ct Act § 454 [3] [a]). It is therefore akin to civil contempt where the punishment imposed is remedial and for the benefit of the complainant *(Hicks v Feiock,* 485 US 624, 631-632). We note that respondent's failure to seek otherwise available employment indicates a willful avoidance of his support obligation rather than an inability to pay *(Matter of Cox v Cox,* 133 AD2d 828).

Respondent's other contentions have been examined and found to be without merit. Concur—Milonas, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.