■ In the Matter of PEARL R. REED, Respondent, v CLIFFORD T. REED, Appellant. [659 NYS2d 334] —Mikoll, J. P. Appeal from an order of the Family Court of Chenango County (Smith, J.), entered February 3, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt of court for failure to pay child support.

Petitioner and respondent were married in June 1976 and are the parents of a daughter born in 1978. The parties legally separated in September 1988. By order of Family Court dated December 14, 1992, respondent was ordered to pay child support of $65.14 a week retroactive to May 14, 1992. Respondent fell into arrears almost immediately and failed to make any support payments subsequent to the expiration of his unem-

ployment benefits on February 23, 1994. Respondent admitted the nonpayments. At a hearing held on September 12, 1994, respondent claimed that he had unsuccessfully sought employment, that he was disabled due to a cyst on his leg and financially unable to pay the ordered child support, and that, as a result, he was not willfully in violation of the court order. The Hearing Examiner found respondent's proof of disability and of lack of willfulness insufficient, determined that his violation was willful and referred the matter of incarceration to Family Court. On January 24, 1995, respondent informed the court that his employment search remained unsuccessful and that he was attending Broome Tech Community College and living on loan money from the college. Family Court ordered respondent incarcerated for six months. Respondent's arrearage was paid on January 26, 1995 and he was released from confinement.

Respondent's contention that his appeal from the contempt order was not rendered moot by his release from incarceration upon the payment of the support due is meritorious. A finding of contempt may have significant collateral consequences warranting appellate review (*see, Matter of Bickwid v Deutsch*, 87 NY2d 862, 863; *see also, Matter of Williams v Cornelius*, 76 NY2d 542, 546). Accordingly, we find respondent's appeal not to be moot.

Respondent's claim that Family Court improvidently exercised its discretion in denying his petition for a downward modification of child support in relation to a June 30, 1993 order of a Hearing Officer is rejected. Respondent failed to file objections to the June 30, 1993 order of dismissal and/or to file a notice of appeal therefrom. Consequently it is not properly before this Court. Moreover, the issue was not raised in this proceeding.

Respondent's contention that he presented sufficient evidence to rebut petitioner's prima facie case by his proof of a disability and of his unsuccessful efforts to obtain employment is rejected. We find respondent's job efforts meager and vague as to time, place and content. In addition, he offered no supporting medical testimony establishing his claim regarding disability. We conclude that he failed to produce credible proof of his inability to make the payments required (*see, Matter of Powers v Powers*, 86 NY2d 63, 69-70). As Family Court heard and observed the testimony of the witnesses, we will defer to the conclusions reached by that court (*see, Matter of Liccione v John H.*, 65 NY2d 826).

Respondent's claim that his counsel's representation was

ineffective in that his counsel did not make arrangements to have the check used to pay the child support arrearage placed in escrow until the controversy between the parties was resolved lacks support in the record and, in any event, is precluded from appellate review since it was not raised in Family Court (*see, Gunzburg v Gunzburg*, 152 AD2d 537, 538).

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.