■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHILDREN C., Respondent, v RICHARD C., Appellant, et al., Respondent. [674 NYS2d 53] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Warren, J.), entered July 16, 1996, which denied his objections to an order of the same court (Miklitsch, H.E.), entered July 25, 1995, which, after a hearing, *inter alia*, found that the father was in willful violation of an order of support dated October 17, 1994.

Ordered that the order is affirmed, without costs or disbursements.

The proof before the Hearing Examiner of the father's failure to pay court-ordered child support constituted prima facie evidence of a willful violation of the support order (*see*, Family Ct Act § 454 [3] [a]). The burden of going forward then shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see, Matter of Powers v Powers*, 86 NY2d 63, 69-70; Family Ct Act § 455 [5]). The father, however, failed to demonstrate that he was unable to make the required payments. Neither his arrest and incarceration on an unrelated matter, nor the injuries sustained as a result of the incidents involving the police excused his failure to pay the court ordered support (*see, Matter of Knights v Knights*, 71 NY2d 865, 867).

The father's argument that he exhausted his funds is also without merit. In addition to the payment of other debts, the father paid $25,000 in legal fees in 1994 and 1995, without making a single payment in connection with the support order. A showing that the father simply exhausted funds with no credible evidence indicating the necessity for placing certain debts ahead of his support obligation is insufficient to satisfy the burden of going forward on financial inability (*Matter of Powers v Powers, supra*, at 70).

Finally, the Hearing Examiner properly found that the father did not diligently search for employment. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.