■ In the Matter of LAURA J. SCOTT, Respondent, v ANDRE JOHNSON, Appellant. [680 NYS2d 515] —Order, Family Court, New York County (Rhoda Cohen, J.), entered on or about May 14, 1997, which committed respondent to the City Department of Correction for a term of 180 days, but suspended such commitment on condition of respondent's payment of $4,000 cash towards arrears in support, unanimously modified, on the law, the facts and in the exercise of discretion, the commitment reduced to 90 days, and otherwise affirmed, without costs.

The finding of willful nonpayment of support in the underlying order (*see*, Family Ct Act § 454 [3]) was supported by clear and convincing evidence (*see*, *Matter of Bickwid v Deutsch*, 229 AD2d 533, 535, *lv denied* 89 NY2d 802). The credibility determinations of Family Court in connection with the challenged finding are entitled to deference and we perceive no ground upon which they should be disturbed (*see*, *Matter of F.B. v W.B.*, 248 AD2d 119). The "Hearing Examiner or court is not bound by a parent's own account of his or her financial situation" (*Matter of Ciampi v Sgueglia*, 252 AD2d 755, 756-757). Under the circumstances, Family Court's determination that respondent should be incarcerated was not an improvident exercise of discretion (*see*, *e.g.*, *Matter of Russo v Goldbaum*, 215 AD2d 763, 764).

However, it was an improvident exercise of discretion, under the circumstances, for the court to double the length of the commitment initially imposed. While the court has the power pursuant to Judiciary Law § 755 to summarily punish for contemptuous conduct committed in its "immediate view and presence * * * upon a trial or hearing", such power was improperly exercised here. The Rules of this Department (22 NYCRR 604.2 [a]) require that it:

"(1) * * * shall be exercised only in exceptional and necessary circumstances * * *

"(i) [w]here the offending conduct either

"(a) disrupts or threatens to disrupt proceedings actually in progress; or

"(b) destroys or undermines or tends seriously to destroy or undermine the dignity and authority of the court in a manner and to the extent that it appears unlikely that the court will be able to continue to conduct its normal business in an appropriate way * * *

"(3) Before summary adjudication of contempt the accused shall be given a reasonable opportunity to make a statement in his defense or in extenuation of his conduct."

These requirements were not met here. The record indicates that the court did not give respondent an opportunity to explain or defend his conduct prior to doubling the term of commitment that it had just pronounced. In fact, the court had to direct its pronouncement of respondent's increased commitment term to respondent's attorney, who was still in the courtroom, since respondent was outside the courtroom and only reentered at the very end of the court's comments.

We have considered respondent's remaining arguments and

find them to be unpersuasive. Concur—Milonas, J. P, Rosenberger, Williams, Tom and Saxe, JJ.