■ NICOLE NICHOLS, an Infant, by Her Mother and Natural Guardian, SANDRA THOMPSON, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent. [682 NYS2d 916] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated October 10, 1997, which denied her motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is affirmed, with costs.

Under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to serve a late notice of claim (*see, Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7). Mangano, P. J., O'Brien, Krausman and Goldstein, JJ., concur.

■ RUSSELL OLSON et al., Plaintiffs, v CITY OF NEW YORK, Defendant, BARASCH & McGARRY, P. C., Nonparty Appellant, and SULLIVAN & LIAPAKIS, P. C., Nonparty Respondent. [682 NYS2d 910] —In an action to recover damages for personal injuries, etc., nonparty Barasch & McGarry, P. C., appeals from an order of the Supreme Court, Queens County (Price, J.), dated December 18, 1997, which fixed its share of the attorney's fee at only $32,853.03 out of a total attorney's fee of $82,132.57.

Ordered that the order is affirmed, with costs.

The Supreme Court arrived at an apportionment of the attorney's fee in this action after conducting a hearing at which it had ample opportunity to evaluate the evidence and assess the credibility of the witnesses, as well as to consider the experience and background of counsel and the quantity, quality, and effectiveness of the legal work performed (*see, Cody v O'Neill,* 116 AD2d 616). We find no basis upon which to conclude that the sum awarded to the appellant constituted other than fair and reasonable compensation (*see, Cody v O'Neill, supra*). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.

■ MARK A. PARROTTO, Individually and as Guardian ad Litem of DEBRA A. PARROTTO, an Incompetent, et al., Respon-