■ In the Matter of ELAINE WARNER, Appellant, v MARK MONROE, Respondent. [690 NYS2d 774] —Crew III, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered July 18, 1997, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior child support order.

Pursuant to an August 1995 order of Family Court, respondent was directed to pay child support to petitioner in the

---

* We are advised that respondent's placement has been extended.

amount of $85 per week, together with an additional $5 per week toward an established arrearage. In January 1996, respondent petitioned for a downward modification of his child support obligation based upon his unemployment following a December 1995 work-related accident. By order entered May 22, 1996, Family Court temporarily reduced respondent's child support obligation to $50 per week and directed that arrears be held in suspension pending a hearing.

Thereafter, in June 1996, petitioner filed a violation petition based upon respondent's failure to make the required child support payments. The matter proceeded to a combined hearing in September 1996, at the conclusion of which the Hearing Examiner granted respondent's application, reduced his child support obligation and directed that any arrears be placed in suspension. As for petitioner's violation petition, the Hearing Examiner concluded that respondent was not in willful violation of the prior order of support, and petitioner's request for counsel fees ultimately was denied by order entered October 23, 1996.

Petitioner thereafter filed timely objections to the Hearing Examiner's decision and order. By order entered February 3, 1997, Family Court sustained the objections to the extent that the arrears were removed from suspension and respondent was directed to begin making payment on such arrears effective immediately. Family Court also remitted this matter to the Hearing Examiner for further consideration as to the willfulness of respondent's nonpayment and petitioner's application for counsel fees.

A hearing upon the remitted issues followed in May 1997 and, in the interim, respondent again sought a downward modification in his child support obligation, this time based upon a reduction in his workers' compensation benefits. The Hearing Examiner, after noting that no further proof had been adduced on the issue of willfulness, granted the requested modification, found that respondent was not in willful violation of the prior order of support and, accordingly, denied petitioner's request for counsel fees. Family Court thereafter denied petitioner's objections to the Hearing Examiner's decision, prompting this appeal.

Petitioner, as so limited by her brief, contends only that Family Court erred in failing to find that respondent's nonpayment of child support was willful and, hence, erred in failing to award her counsel fees. We agree. Setting aside, for the moment, the apparent inconsistency between Family Court's February 1997 finding that respondent was capable of making the

requisite child support payments, the Hearing Examiner's May 1997 finding that respondent's nonpayment of support was not willful and Family Court's subsequent affirmance of that decision, we nonetheless are persuaded that Family Court erred in failing to grant petitioner's application.

In this regard, it is well settled that a finding of a willful violation of a child support order "requires proof of both the ability to pay support and the failure to do so" (*Matter of Powers v Powers*, 86 NY2d 63, 68; *see, Matter of Nickerson v Bellinger*, 258 AD2d 688; *Matter of Tarbell v Tarbell*, 241 AD2d 702). To that end, "proof of a respondent's failure to pay support as ordered, standing alone, is sufficient to establish a petitioner's direct case of a willful violation * * * thereby shifting the burden to the respondent to 'offer some competent, credible evidence of his [or her] inability to make the required payments'" (*Matter of Ciampi v Sgueglia*, 252 AD2d 755, 757, quoting *Matter of Powers v Powers, supra,* at 69-70 [citations omitted]).

Here, the record establishes that respondent ceased making the required child support payments in January 1996. When questioned as to why he had failed to make such payments, respondent, who remarried and apparently has a son from that marriage, responded, "[b]ecause my family comes first". Although respondent went on to testify that he attempted to meet his support obligations but was unable to do so due to a lack of funds after paying the monthly bills, the limited evidence adduced regarding his expenses fails to support his conclusory assertions in this regard. Notably respondent, although purportedly lacking the funds to pay basic support for his daughters from his first marriage, nonetheless managed to fund his son's sporting activities. In short, respondent's blanket assertion that he "simply exhausted his funds, with no credible evidence indicating the necessity for placing his alleged expenses ahead of support payments to his * * * children, did nothing to satisfy his burden of going forward on the issue of financial inability" (*Matter of Powers v Powers, supra,* at 70).

Accordingly, we conclude that the Hearing Examiner and Family Court erred in finding that respondent had not willfully violated the prior order of support. In light of this conclusion, petitioner is entitled to an award of counsel fees (*see,* Family Ct Act § 454 [3]; § 438 [b]) and this matter is remitted to Family Court for further proceedings on this issue.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without

costs, by reversing so much thereof as dismissed petitioner's application to hold respondent in willful violation of a prior court order of child support and denied petitioner's request for counsel fees; petitioner's violation petition and request for counsel fees is granted, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.