■ In the Matter of CARMEN MAKAWI, Respondent, v ABDEL MAKAWI, Appellant. [692 NYS2d 106] —In a support proceeding pursuant to Family Court Act article 4, Abdel Makawi appeals from (1) an order of the Family Court, Queens County (Bogacz, J.), dated July 9, 1997, which, *inter alia*, found him in willful violation of a prior order of support, and (2) an order of the same court, also dated July 9, 1997, which, upon his failure to purge himself of the contempt, committed him to the Department of Correction for a period of six months.

Ordered that the orders are affirmed, without costs or disbursements.

For the purposes of a hearing under Family Court Act § 454, an appellant "is prima facie presumed * * * to have sufficient means to support his or her spouse and children under the age of 21" (*Matter of Powers v Powers,* 86 NY2d 63, 68-69). "[P]roof that [the appellant] has failed to pay support as Ordered alone establishes [the] petitioner's direct case of willful violation, shifting to the [appellant] the burden of going forward" (*Matter of Powers v Powers, supra,* at 69). In light of the testimony elicited from the appellant in this case relating to, among other things, his interest in property in Lebanon and Greece, we find no basis to disturb the Family Court's conclusion that his disobedience of a prior order of support was willful (*see also, Matter of Ahrem v Cattell,* 254 AD2d 352; *Matter of Department of Social Servs. [Children C.] v Richard C.,* 250 AD2d 766; *Matter of Faulkner v Faulkner,* 250 AD2d 767).

The appellant also argues that it constituted cruel and unusual punishment for the State to have first deprived him of his ability to make a living by suspending his driving privileges pursuant to Social Services Law § 111-b (12) and to have then Ordered his incarceration based on his inability to pay child support. However, as noted above, the appellant did not overcome the presumption that he was able to pay child support, and hence never established any causal nexus between the suspension of his driver's license and any presumed inability to pay.

The appellant's remaining contentions are without merit. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.