In the Matter of Roslyn Nieves, Respondent, v Michael Gordon, Appellant. [695 NYS2d 110] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Balkin, J.), dated January 28, 1998, which denied his objections to an order of the same court (Bannon, H.E.), dated July 31, 1996, which, after a hearing, found that he had willfully failed to obey an order of support dated October 28, 1991.

Ordered that the order is affirmed, without costs or disbursements.

The proof before the Hearing Examiner of the father's failure to pay court-ordered support constituted prima facie evidence of a willful violation of the support order (*see,* Family Ct Act § 434 [3] [a]; *Matter of Department of Social Servs. [Children C.] v Richard C.,* 250 AD2d 766). Thus, the burden of going forward shifted to the father to offer competent credible evidence of his inability to comply with the order (*see, Matter of Powers v Powers,* 86 NY2d 63, 69; *Matter of Bickwid v Deutsch,* 229 AD2d 533, 535).

Although the father claimed that he had no money to pay child support because he was not working, the ability to pay support also includes the ability to find employment (*see, Matter of Nassau County Dept. of Social Servs. [Field] v Walker,* 95 AD2d 855). At the hearing in July 1996 the father admitted that he had not been employed for the previous two years and he was not actively seeking any kind of employment. Therefore,

the Family Court properly found that the father's failure to seek employment was a willful violation of the support order (*see, Matter of Reed v Reed,* 240 AD2d 951, 952; *Davenport v Guardino,* 166 AD2d 349; *Matter of Cox v Cox,* 133 AD2d 828). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.