■ In the Matter of Sophia Dorner, Respondent, v Alphonso McCarroll, Appellant. [705 NYS2d 408] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Hepner, J.), dated April 12, 1999, which, in effect, confirmed a determination of the same court (Gonzalez-Roman, H.E.), dated February 25, 1999, that he had willfully failed to obey an order of the same court, dated December 7, 1995, and thereupon sentenced him to a term of incarceration of 6 months, unless he purged himself of his contempt by paying $6,407 towards child support arrears.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contentions, the Hearing Examiner properly advised him concerning his right to counsel pursuant to Family Court Act § 262 (a). Further, the father had a sufficient awareness of the relevant circumstances and probable consequences of waiving his right to counsel such that the waiver was intelligent, knowing, and voluntary (*cf., Matter of Brainard v Brainard,* 88 AD2d 996; *Matter of Kissel v Kissel,* 59 AD2d 1036).

The proof before the Hearing Examiner of the father's failure to pay court-ordered support for over one year constituted prima facie evidence of a willful violation of the support order (*see,* Family Ct Act § 454 [3] [a]; *Matter of Department of Social Servs. [Children C.] v Richard C.,* 250 AD2d 766). Thus, the burden of going forward shifted to the father to offer competent credible evidence of his inability to comply with the order (*see, Matter of Powers v Powers,* 86 NY2d 63, 69; *Matter of Bickwid v Deutsch,* 229 AD2d 533).

Although the father claimed that he had no money to pay child support because he was not working, the ability to pay support also includes the ability to find employment (*see, Matter of Nieves v Gordon,* 264 AD2d 445; *Matter of Nassau County*

*Dept. of Social Servs. [Field] v Walker,* 95 AD2d 855). At the hearing, the father admitted that he had not been employed for the previous year and he was not actively seeking any kind of employment. Therefore, the Family Court properly found that the father's failure to seek employment was a willful violation of the support order (*see, Matter of Nieves v Gordon, supra*; *Matter of Reed v Reed,* 240 AD2d 951; *Davenport v Guardino,* 166 AD2d 349; *Matter of Cox v Cox,* 133 AD2d 828).

The father's remaining contentions are without merit. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.