■ In the Matter of FAY DE RUZZIO, Respondent, v DANIEL DE RUZZIO, Appellant. [733 NYS2d 276] —Rose, J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered December 22, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, to find respondent in violation of an order of protection, and (2) from an order of said court, entered January 12, 2001, which imposed upon respondent two concurrent six-month terms of incarceration.

The parties' contentious proceedings in Supreme Court. and Family Court over the past three years have resulted in, *inter alia*, Family Court's issuance of several orders of protection in favor of petitioner and against respondent. Before the current

petition, Family Court had four times determined that respondent had violated those orders and twice imposed a six-month jail term for each violation, with all but 5 and 15 days of those respective terms suspended. Notably, these latter two violations involved respondent telephoning petitioner and making derogatory comments. In November 2000, respondent again telephoned petitioner and she recorded a portion of the conversation. She then commenced this fifth violation proceeding. After a hearing at which the tape recording of the call was introduced and petitioner's testimony was unrebutted, Family Court determined that respondent had again violated its order of protection and sentenced respondent to six months in the Columbia County Jail, to be served between 6:00 P.M. Friday and 12:00 P.M. Saturday on 90 consecutive weekends. Respondent appeals.

Family Court's determination that its order of protection had been violated is clearly supported by the evidence. Both the language of the most recent October 1999 order and the history of the parties' disputes make it clear that any communication by respondent with petitioner for purposes other than arranging visitation, particularly communication of an abusive or insulting nature, was prohibited. Respondent's current claim of ignorance of this prohibition is belied by the two previous violation proceedings resulting in his incarceration.

Respondent also contends that the Judge should have recused himself due to the appearance of impropriety allegedly arising from a comment about the Judge made by respondent in his recorded conversation with petitioner. Given the particular facts of this case, the broad discretion accorded to trial judges in deciding when recusal is proper (*see, People v Moreno*, 70 NY2d 403, 405-406), and the Judge's finding that "not withstanding the allegations, I have no doubt that I can be fair and impartial," there is no basis to find that the Judge abused his discretion in denying respondent's request.

Respondent's final argument is that the sentence imposed by Family Court was illegal and excessive. We note that Family Court Act § 846-a provides that a court, upon finding a willful violation of an order of protection, "may commit the respondent to jail for a term not to exceed six months. Such commitment may be served upon certain specified days or parts of days as the court may direct." This language is identical to that of Family Court Act § 454 (3) (a), which pertains to the powers of the court to punish the violation of a support order. In *Davenport v Guardino* (166 AD2d 349), the First Department addressed the validity of an intermittent sentence in the

context of Family Court Act § 454. In doing so, it determined the length of the sentence imposed by measuring the span of time from the first day of confinement to the last day of confinement rather than counting the number of days actually spent in jail. As a result, the Court invalidated an intermittent sentence spanning 90 weekends for exceeding the maximum permissible term (*id.*, at 349; *see*, Penal Law § 85.00 [3]; *People v White*, 83 AD2d 668). Since the sentence imposed by Family Court here similarly spans 90 weekends and thus exceeds six months, we are persuaded that it is illegal and must be reversed.

Respondent's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order entered December 22, 2000 is affirmed, without costs. Ordered that the order entered January 12, 2001 is reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for resentencing consistent with Family Court Act § 846-a.