■ In the Matter of MARILYN WRIGHT, Respondent, v BOBBY LYONS, Appellant. [734 NYS2d 106] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Turbow, J.),

dated April 28, 1999, confirming an order of the same court (Gonzalez-Roman, H.E.), which, after a hearing, found that he had willfully failed to obey an order of support of the same court, dated February 18, 1997, and directed his incarceration until $2,000 in support arrears was paid.

Ordered that the order is modified, on the law, by adding to the first decretal paragraph thereof, after the words "are satisfied" the phrase "or until the expiration of a six-month term of incarceration, whichever is soonest"; as so modified, the order is affirmed, without costs or disbursements.

The proof before the Hearing Examiner of the father's failure to pay court-ordered support constituted prima facie evidence of a willful violation of that order (*see,* Family Ct Act § 454 [3] [a]; *Matter of Department of Social Servs. [Children C.] v Richard C.,* 250 AD2d 766). Thus, the burden of going forward shifted to the father to offer credible evidence of his inability to comply with the order (*see, Matter of Powers v Powers,* 86 NY2d 63, 69).

Although the father claimed that he had no money to pay child support, he admitted at the hearing that he is employed in various jobs on a part-time basis. Moreover, he was employed full-time in 1996 and gave no credible reason why, at the time of the hearing, he could not be employed full-time. Therefore, the Family Court properly found that the father's failure to seek employment was a willful violation of the support order (*see, Matter of Nieves v Gordon,* 264 AD2d 445; *Altschul v Altschul,* 84 AD2d 798).

The father was not denied his right to effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708).

However, the order of commitment violates Family Court Act § 454 (3) (a) because it directs a term of incarceration that may exceed six months (*see, Matter of Aftuck v Aftuck,* 100 AD2d 672). Therefore, the order of commitment is modified as set forth herein. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.