■ In the Matter of PHYLLIS CASTELLANO, Respondent, v RICHARD CASTELLANO, Appellant. [734 NYS2d 231] —In a support proceeding pursuant to Family Court Act article 4, Richard Castellano appeals from an order of the Family Court, Richmond County (Clark, J.), dated August 31, 2000, which denied his objections to an order of the same court, dated July 24, 2000 (Fondacaro, H.E.), which, after a hearing, *inter alia*, found that he willfully violated a prior judgment of the same court, dated October 24, 1990.

Ordered that the order is affirmed, without costs or disbursements.

"[F]ailure to pay support as ordered itself constitutes prima facie evidence of a willful violation" (*Matter of Powers v Powers,* 86 NY2d 63, 69 [internal quotation marks omitted]). Thus, proof alone that the appellant failed to pay support as ordered, by itself, established willfulness, shifting the burden to the appellant to demonstrate some evidence of an inability to pay (*see, Matter of Powers v Powers, supra,* at 68; *Matter of Nieves v Gordon,* 264 AD2d 445; *Matter of Makawi v Makawi,* 262 AD2d 487; *Matter of Warner v Monroe,* 262 AD2d 684, 686; *Matter of Modica v Thompson,* 258 AD2d 653, 654).

In light of the testimony elicited from the appellant relating to, *inter alia*, his recent purchase of a new home and a built-in swimming pool, and his ownership of a commercial building with six tenants, we find no basis to disturb the Family Court's conclusion that his disobedience of a prior order of support was willful (*see, Matter of Makawi v Makawi, supra,* 262 AD2d at 487).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.