■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of SUSAN EDWARDS, Respondent, v ARTHUR ROSEN, Appellant. [736 NYS2d 42] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Jamieson, J.), dated June 5, 2000, which denied his objections to (a) an order of the same court (Herold, H.E.), dated February 14, 2000, which, after a hearing, granted the mother a judgment in the

principal sum of $36,392.52, and (b) a findings of fact and rec-ommendation of incarceration of the same court (Herold, H.E.), dated February 10, 2000, (2) an order of the same court, dated July 5, 2000, which, after a hearing, confirmed the recommen-dation of incarceration, and, in effect, found the father in contempt of a prior order of support, and (3) an order of the same court, also dated July 5, 2000, committing him to the Westchester County Jail for a term of six months.

Ordered that the order dated June 5, 2000, is modified, on the law and the facts, by deleting the provision thereof denying the father's objections to so much of the order dated February 14, 2000, as awarded the mother $24,000 in arrears from 1994 to 1998, and substituting therefor a provision sustaining that objection, and granting the mother a judgment in the amount of $12,392.52 with interest; as so modified, the order dated June 5, 2000, is affirmed, without costs or disbursements; and it is further,

Ordered that the orders dated July 5, 2000, are affirmed, without costs or disbursements; and it is further,

Ordered that the principal sum of $12,392.52 shall be paid by the father to the mother within 30 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the matter is remitted to the Family Court, Westchester County, for the computation of interest and a schedule for the payment thereof.

Contrary to the father's contentions, the proof before the Hearing Examiner of his failure to pay all of the court-ordered support due from 1994 until the time of the hearing consti-tuted prima facie evidence of a willful violation of the support order (*see,* Family Ct Act § 454 [3] [a]; *Matter of Dorner v McCarroll,* 271 AD2d 530). Thus, the burden of going forward shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see, Matter of Powers v Pow-ers,* 86 NY2d 63, 69). We agree with the Family Court's deter-mination that the father failed to offer credible evidence that his failure to pay all of the child support ordered was due to his inability to comply with the court order.

Although the father claimed that he had no money to pay child support because he was not working, the ability to pay support also includes the ability to find employment (*see, Mat-ter of Dorner v McCarroll, supra; Matter of Nieves v Gordon,* 264 AD2d 445). At the hearing, the father gave equivocal testimony that he retired in 1994 from a company which he had owned and operated for approximately 30 years, while

admitting that he still went to the office and, purportedly, offered advice to employees there without receiving any monetary compensation. His further testimony that he was too old, at the age of 70, and too ill to work was unsupported by credible evidence including independent medical evidence. Therefore, the Family Court properly confirmed the Hearing Examiner's determination that the father's failure to seek employment and pay all of the support owing was a willful violation (*see,* Family Ct Act § 454; *Matter of Dorner v McCarroll, supra; Matter of Nieves v Gordon, supra*).

Furthermore, in view of the willful violation, the Family Court providently exercised its discretion in confirming the Hearing Examiner's recommendation of incarceration (*see,* Family Ct Act § 454 [3] [a]).

In determining that the amount of the money judgment for child support arrears should be $36,392.52, the Hearing Examiner failed to account for $24,000 paid from 1994 to 1998 by the father from his Social Security benefits, which the mother admitted that she accepted and used for the benefit of the parties' daughter (*see,* Family Ct Act § 460). Therefore, the amount of the money judgment is reduced accordingly.

The father's remaining contentions are without merit. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.