■ In the Matter of GRAHAM W. JOHN, Respondent, v BETTY E. JOHN, Also Known as BETTY E. BRUCE, Appellant. [738 NYS2d

612] —In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Koenig, J.), dated December 15, 1999, which confirmed a determination of the same court (Miller, H.E.), dated October 15, 1999, finding that she was in willful violation of an order of support of the same court, dated July 8, 1998, and directed her incarceration for a term of six months imprisonment based on her contempt.

Ordered that the order is affirmed, without costs or disbursements.

"[F]ailure to pay support as ordered itself constitutes 'prima facie evidence of a willful violation'" (*Matter of Powers v Powers,* 86 NY2d 63, 69, quoting Family Ct Act § 454 [3] [a]). Thus, proof that the mother failed to pay support as ordered alone establishes willfulness, shifting the burden of going forward to the mother to demonstrate some evidence of an inability to pay (*see, Matter of Powers v Powers, supra* at 69; *Matter of Nieves v Gordon,* 264 AD2d 445; *Matter of Warner v Monroe,* 262 AD2d 684, 686; *Matter of Makawi v Makawi,* 262 AD2d 487; *Matter of Modica v Thompson,* 258 AD2d 653, 654).

In light of the mother's testimony that she could have made at least partial payments of her child support obligation, we find no basis to disturb the Family Court's conclusion that her disobedience of a prior order of support was willful (*see, Matter of Makawi v Makawi, supra* at 487).

The mother's remaining contentions are without merit. S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.