■ WALLISICIA GRIFFIN, Respondent, v JAMES GRIFFIN, Appellant. [741 NYS2d 689] —Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about August 4, 2000, holding respondent in contempt of a child support order, and committing him to jail for 180 days unless he sooner pays arrears of $40,532 to the Department of Social Services and $27,112 to petitioner, unanimously affirmed, without costs.

The Support Collection Unit's records showing respondent's arrears, and indeed respondent's testimony admitting arrears, established, prima facie, that respondent's failure to comply with the support order was willful, and required him to come forward with some credible evidence that he was unable to make the ordered payments (*see, Matter of Commissioner of Social Servs. [Gamblin] v Patterson,* 282 AD2d 410, *lv denied* 97 NY2d 606, citing *Matter of Powers v Powers,* 86 NY2d 63, 68-70). This respondent failed to do. His own testimony established that he was employed for most of the 12-year period during which the arrears accumulated, and to the extent his ability to pay was at times affected by decisions to attend school or care for a family member rather than work, such choices constituted willful violations of the order (*see, Matter of Wright v Lyons,* 288 AD2d 481; *Matter of Dorner v McCarroll,* 271 AD2d 530). Nor is there any basis for disturbing Family Court's rejection of respondent's claim that his arrears were less than claimed (*see, Matter of Scott v Johnson,* 256 AD2d 4). Under the circumstances, Family Court's determination that respondent should be incarcerated was a proper exercise of discretion (*see, id.*). The court was not required to consider alternative enforcement measures (*see, Matter of Powers v*

*Powers, supra* at 70-71). Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.