■ In the Matter of ETHEL RICHARDS, Respondent, v VINCENT BAILEY, JR., Appellant. [744 NYS2d 493] —In a paternity and child support proceeding pursuant to Family Court Act articles 4 and 5, the father appeals from (1) an order of the Family Court, Kings County (Segal, J.), dated June 4, 1999, denying his objections to an order of the same court (Gonzalez-Roman, H.E.), entered March 30, 1999, finding that he was in willful violation of an order of support dated October 3, 1997, (2) an order of commitment of the same court, also dated June 4, 1999, (3) an order of the same court, dated June 22, 1999, suspending his incarceration on condition that he pay all arrears, and (4) an order of commitment of the same court, dated October 13, 1999.

Ordered that the appeals from the orders of commitment

dated June 4, 1999, and October 13, 1999, and the order dated June 22, 1999, are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order dated June 4, 1999, denying the father's objections to an order finding that he was in willful violation of a prior support order, is affirmed, without costs or disbursements.

The proof before the Hearing Examiner of the appellant's failure to pay court ordered support for over one year constituted prima facie evidence of a willful violation of the support order (see Family Ct Act § 454 [3] [a]; *Matter of Department of Social Servs. [C. Children] v Richard C.,* 250 AD2d 766). Thus, the burden of going forward shifted to the appellant to offer competent credible evidence of his inability to comply with the order (see *Matter of Powers v Powers,* 86 NY2d 63, 69; *Matter of Bickwid v Deutsch,* 229 AD2d 533).

Although the appellant claimed that he had no money to pay child support because he was not working, the ability to pay support also includes the ability to find employment (see *Matter of Nieves v Gordon,* 264 AD2d 445). At the hearing, the appellant admitted that he had not been employed for the previous year. He explained that while he would be able to work at night, because of his own father's medical condition his time to seek employment was limited as interviews were generally conducted during the day. However, the appellant presented no evidence that he had actively sought employment while his father was being cared for by others. Therefore, the Family Court properly found that the appellant's failure to seek employment was a willful violation of the support order (see *Matter of Dorner v McCarroll,* 271 AD2d 530; *Matter of Reed v Reed,* 240 AD2d 951). Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.