■ In the Matter of JANET STATFELD, Respondent, v GEORGE STATFELD, Appellant. [744 NYS2d 490] —In a support proceeding pursuant to Family Court Act article 4, the former husband appeals from (1) an order of the Family Court, Westchester County (Morales-Horowitz, J.), dated October 31, 2001, which denied his objections to an order of the same court (Furman, H.E.), entered September 27, 2001, which, after a hearing, found that he willfully violated a prior judgment of the Supreme Court, New York County (Klein-Heitler, J.), dated January 7, 1999, and referred the matter to the Family Court Judge for a confirmation hearing, with a recommendation of 60 days incarceration and a "purge amount" of $23,300, and (2) an order of the same court, dated December 11, 2001, which, after a hearing, confirmed the Hearing Examiner's finding of wilfulness, in effect, held him in contempt, directed him to pay arrears in the amount of $23,300 by January 1, 2002, and $12,286 by March 1, 2002, and directed that he be incarcerated for 60 days in the Westchester County Jail if he failed to make the foregoing payments.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the appellant's contention, it was proper for the Family Court to deny the objections to the determination of the Hearing Examiner finding him to be in willful violation of the judgment dated January 7, 1999 (*see Faulkner v Faulkner,* 250 AD2d 767). The appellant's failure to pay support constituted prima facie evidence of a willful violation of the judgment (*see* Family Ct Act § 454 [3] [a]). The burden then shifted to the appellant to offer competent, credible evidence of his inability to

comply with the order (*see Matter of Powers v Powers,* 86 NY2d 63, 69-70; Family Ct Act § 455 [5]). The appellant failed to sustain his burden to rebut the prima facie evidence of willfulness by showing sufficient proof of his inability to pay (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers, supra; Faulkner v Faulkner, supra*).

The appellant's remaining contentions are without merit. Prudenti, P.J., Santucci, Altman and S. Miller, JJ., concur.