■ In the Matter of JACQUELYN DECAMP, Respondent, v BRIAN DECAMP, Appellant. [777 NYS2d 689]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Blass, J.), entered July 1, 2003, which denied his objections to an order of the same court (Buetow, H.E.), dated December 12, 2002, which, after a hearing, inter alia, found that he was in willful violation of a prior order of support, and denied his cross petition for a downward modification of his maintenance and child support obligations.

Ordered that the order is affirmed, with costs.

The Family Court properly denied the father's objections to the hearing examiner's order, which, inter alia, found that he was in willful violation of a prior order of support, and denied his cross petition for a downward modification of his maintenance and child support obligations. The father's failure to pay support as ordered constituted prima facie evidence of a willful violation of the support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Richards v Bailey*, 296 AD2d 412 [2002]). The burden then shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see Matter of Powers v Powers*, 86 NY2d 63 [1995]; *Matter of Bickwid v Deutsch*, 229 AD2d 533 [1996]). The father failed to sustain his burden to rebut the prima facie evidence of willfulness by showing sufficient proof of his inability to pay (*see Matter of Powers v Powers, supra*; *Matter of Statfeld v Statfeld*, 296 AD2d 415 [2002]; *Matter of Faulkner v Faulkner*, 250 AD2d 767 [1998]). Moreover, as the father failed to demonstrate that continued enforcement of his maintenance obligation pursuant to the parties' stipulation of settlement which was incorporated but not

merged into their judgment of divorce would create an "extreme hardship" (*Matter of Ross v Ross*, 297 AD2d 286 [2002]; *see Pintus v Pintus*, 104 AD2d 866, 867 [1984]; *see also* Domestic Relations Law § 236 [B] [9] [b]), or to establish a substantial, unanticipated, and unreasonable change in circumstances warranting a reduction in child support (*see Matter of Boden v Boden*, 42 NY2d 210 [1977]; *Praeger v Praeger*, 162 AD2d 671, 673 [1990]; *Nordhauser v Nordhauser*, 130 AD2d 561, 562 [1987]), the hearing examiner properly denied his cross petition for a downward modification of his maintenance and child support obligations.

Contrary to the father's contention, he was not denied the effective assistance of counsel (*see Matter of Alfred C.*, 237 AD2d 517 [1997]; *see also People v Satterfield*, 66 NY2d 796 [1985]; *People v Baldi*, 54 NY2d 137 [1981]). Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.