■ In the Matter of NANCY L. CHOWANEC, Respondent, v MICHAEL P. McDERMOTT, Appellant. [786 NYS2d 527]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Putnam County (Rooney, J.), dated October 30, 2003, which denied his objections to an order of the same court (Hochberg, H.E.), dated May 23, 2003, which, after a hearing, inter alia, found that he was in willful violation of a prior order of support and denied his cross petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

The Family Court properly denied the father's objections to

the Hearing Examiner's order, which, inter alia, found that he was in willful violation of a prior order of support and denied his cross petition for a downward modification of his child support obligation. The father's failure to pay support as ordered constituted prima facie evidence of a willful violation of the support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Richards v Bailey*, 296 AD2d 412 [2002]). The burden then shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see Matter of Powers v Powers*, 86 NY2d 63 [1995]; *Matter of Bickwid v Deutsch*, 229 AD2d 533 [1996]). The father failed to sustain his burden to rebut the prima facie evidence of willfulness by showing sufficient proof of his inability to pay (*see Matter of Powers v Powers, supra; Matter of DeCamp v DeCamp*, 8 AD3d 274 [2004]; *Matter of Statfeld v Statfeld*, 296 AD2d 415 [2002]). Further, the Hearing Examiner properly denied the father's cross petition for a downward modification of his child support obligation as the father failed to satisfactorily demonstrate that he was unable to pay support because of his alleged temporary disability (*see Matter of McCarthy v McCarthy*, 2 AD3d 735 [2003]; *Matter of Madura v Nass*, 304 AD2d 579 [2003]).

The Family Court also properly rejected the father's claim that his daughter, who worked part-time on a temporary basis at a minimum-wage paying job while living with her mother, and planned to attend college soon, was emancipated (*see Calabro v Calabro*, 297 AD2d 808 [2002]; *Matter of Howard v Johnson*, 227 AD2d 929 [1996]).

The father's remaining contentions either are without merit or do not require reversal. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.