In the Matter of BELINDA WATSON, Respondent, v JAMES WATSON, Appellant. [799 NYS2d 809]—

In a spousal support proceeding pursuant to Family Court Act article 4, the husband appeals from (1) an order of the Family Court, Kings County (O'Donoghue, J.), dated June 21, 2004, which, after a hearing, confirmed the findings of the same court (Levy, S.M.), also made after a hearing, that he willfully violated an order of support of the same court (Levy, H.E.), dated December 21, 2001, inter alia, directed him to be incarcerated for a period of six months, and directed the entry of a judgment for arrears from March 7, 2003, to June 2, 2004, in the sum of $9,750, and (2) a judgment of the same court dated June 21, 2004, which, inter alia, is in favor of the wife and against him in the sum of $9,750.

Ordered that the appeal from so much of the order as directed

the entry of judgment in the sum of $9,750 is dismissed, without costs or disbursements, as that portion of the order was superseded by the judgment; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The husband's failure to pay support constituted prima facie evidence of a willful violation of the order of support (*see* Family Ct Act § 454 [3] [a]; *Matter of Zullo v Hom*, 10 AD3d 614, 616 [2004]). The burden then shifted to the husband to offer competent, credible evidence of his inability to comply with that order (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Sapp v Taylor*, 298 AD2d 590, 592 [2002]). Since the husband failed to sustain his burden to rebut the prima facie evidence of willfulness by showing sufficient proof of his inability to pay, the Family Court properly found that he had willfully violated the support order (*see Matter of DeCamp v DeCamp*, 8 AD3d 274 [2004]; *Matter of Statfeld v Statfeld*, 296 AD2d 415, 416 [2002]; *Matter of Richards v Bailey*, 296 AD2d 412, 413 [2002]; *Matter of Wright v Lyons*, 288 AD2d 481, 482 [2001]; *Matter of Dorner v McCarroll*, 271 AD2d 530, 531 [2000]; *Matter of Nieves v Gordon*, 264 AD2d 445, 445-446 [1999]).

The husband's remaining contention is without merit. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.