◼ In the Matter of MINA BRONSTEIN-BECHER, Respondent, v YEHUDAH BECHER, Appellant. [809 NYS2d 140]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (O'Donoghue, J.), dated December 7, 2004, which confirmed a determination of the same court (Fasone, S.M.), dated June 25, 2004, finding, after a hearing, that he willfully failed to make the child support payments required by the parties' stipulation of settlement entered into in open court, which was incorporated but not merged into a judgment of divorce dated December 7, 2000, (2) an order of commitment of the same court dated December 16, 2004, which committed him to the custody of the New York City Department of Corrections for a period of six months, and (3) an order of the same court also dated December 16, 2004, which denied his motion to stay the proceeding. By decision and order on motion dated December 27, 2004, this Court granted the father's motion to stay enforcement of the order of commitment pending hearing and determination of this appeal.

Ordered that the orders and the order of commitment are affirmed, without costs or disbursements.

In December 2000 the father was directed to pay support for his two children. During a hearing pursuant to a violation petition, the evidence revealed that the father failed to make the requisite child support payments. Failure to pay support as ordered constitutes " 'prima facie evidence of a willful viola-

tion' " (*Matter of Powers v Powers,* 86 NY2d 63, 69 [1995], quoting Family Ct Act § 454 [3] [a]; *see also Reisner v Reisner,* 224 AD2d 602 [1996]). Once prima facie evidence of willful violation was presented, the burden shifted to the father to offer competent, credible evidence of his inability to make the support payments (*see Matter of Powers v Powers, supra; Reisner v Reisner, supra*).

At the hearing, the father's attorney sought to introduce into evidence medical reports from the father's psychiatrist, Dr. Edward M. Stephens. While the reports were certified, the hearing court found them to be inadmissible, stating they were "not a medical record [and] not a hospital record. It's a letter. Therefore, it's hearsay." The hearing court was correct in refusing to accept Dr. Stephen's medical reports into evidence. "[A] physician's office records, supported by the statutory foundations set forth in CPLR 4518 (a), are admissible in evidence as business records" (*Wilson v Bodian,* 130 AD2d 221, 231 [1987]). However, medical reports, as opposed to day-to-day business entries of a treating physician, are not admissible as business records where they contain the doctor's opinion or expert proof (*see Komar v Showers,* 227 AD2d 135, 136 [1996]; *Hefte v Bellin,* 137 AD2d 406, 408 [1988]; *Wilson v Bodian, supra* at 229-230). Here, Dr. Stephens' two "narrative reports" were simply letters summarizing his diagnosis, treatment, and opinion concerning the father's ability to return to work. No proper foundation was provided demonstrating that they were in fact business records (*see* CPLR 4518 [a]). Their certification did not cure this defect as only hospital records, and not physician office records, are admissible by certification (*see* CPLR 4518 [c]; 2306 [a]; *Matter of Damon J.,* 144 AD2d 467 [1988]). Since the father failed to submit evidence sufficient to show his inability to pay, he failed to rebut the mother's prima facie case. Accordingly, the Family Court properly found him to be in contempt for willfully failing to obey the child support order (*see Matter of DeCamp v DeCamp,* 8 AD3d 274 [2004]; *Matter of Statfeld v Statfeld,* 296 AD2d 415 [2002]; *Matter of Richards v Bailey,* 296 AD2d 412 [2002]; *Matter of Wright v Lyons,* 288 AD2d 481 [2001]).

The father's remaining contentions are without merit. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.