■ In the Matter of JOAN BAVARO-BALDWIN, Respondent, v PAUL BAVARO, Appellant. [813 NYS2d 739]—

In a support proceeding pursuant to Family Court Act article 4, the appeal is from (1) an order of the Family Court, Richmond County (Porzio, J.), dated December 20, 2004, which confirmed a determination of the same court (Castaldi, S.M.), dated November 1, 2004, finding, after a hearing, that the respondent father had willfully failed to pay child support, confirmed the arrears in the sum of $32,054.60, and directed, inter alia, that he make payments toward support arrears in the sums of $8,000 by June 20, 2006 and $8,054.60 by December 20, 2006 and (2) an order of commitment of the same court, also dated December 20, 2004, which committed him to the custody of the New York City Department of Corrections for consecutive weekends from January 3, 2005 through May 1, 2005.

Ordered that the appeal from the order of commitment is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provisions thereof directing the appellant to make payments toward support arrears in the sums of $8,000 by June 20, 2006 and $8,054.60 by December 20, 2006, and substituting therefor a provision directing the appellant to make semiannual payments in the sum of $2,000, commencing June 20, 2006, until the remainder of the arrears of $32,054.60 is paid; as so modified, the order is affirmed, without costs or disbursements.

The appellant father's failure to pay child support constituted prima facie evidence of a willful violation of the order of support (*see* Family Ct Act § 454 [3] [a]; *Matter of Watson v Watson*, 21 AD3d 497 [2005]). The burden then shifted to the father to offer competent, credible evidence of his inability to comply with that order (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Sapp v Taylor*, 298 AD2d 590, 592 [2002]). Since the father failed to sustain his burden to rebut the prima facie evidence of willfulness by introducing sufficient proof of his inability to pay, the Family Court properly found that he had willfully violated the support order (*see Matter of DeCamp v DeCamp*, 8 AD3d 274 [2004]; *Matter of Statfeld v Statfeld*, 296 AD2d 415, 416 [2002]; *Matter of Richards v Bailey*, 296 AD2d 412, 413 [2002]; *Matter of Wright v Lyons*, 288 AD2d 481, 482 [2001]). However, the Family Court improvidently exercised its discretion in setting the schedule for payment of the support arrears to the extent indicated.

As correctly conceded by the father, the appeal from the order

of commitment must be dismissed as academic because the term of commitment has expired (*see Matter of Gayle v Counts*, 302 AD2d 521 [2003]; *Matter of Zapata v Middleton*, 197 AD2d 526 [1993]; *Matter of Madison County Support Collection Unit v Drennan*, 156 AD2d 883 [1989]). Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.