■ In the Matter of HARRY CATTON, Appellant, v ELVIRA CATTON, Respondent. [837 NYS2d 575]—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Kings County (Pearl, J.), dated June 19, 2006, which, upon confirming an order of the same court (Milsap, S.M.), dated May 31, 2006, which, after a hearing, found that he willfully violated a prior order of support, committed him to the custody of the New York City Department of Corrections for a term of imprisonment of six months with the opportunity to purge himself of the contempt by paying the sum of $31,833.10 towards his arrears.

Ordered that the appeal from so much of the order of commitment as committed the father to a term of imprisonment of six months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The father's failure to pay child support as ordered constituted prima facie evidence of a willful violation of the support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Chowanec v McDermott*, 12 AD3d 441, 442 [2004]; *Matter of Richards v Bailey*, 296 AD2d 412, 413 [2002]). The burden of going forward then shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see Matter of Rosato v Rosato*, 21 AD3d 418 [2005]; *Matter of Chowanec v McDermott, supra*). The father, whom the Support Magistrate found lacked credibility in his testimony regarding his income and access to funds, failed to sustain this burden (*see Matter of Kelly v Schoonbeck*, 34 AD3d 1094, 1095 [2006]; *Matter of Rosato v Rosato, supra*). Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.