*951 In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Kings County (Palos, S.M.), dated June 13, 2011, made after a hearing, as determined that he willfully violated a child support order dated March 31, 2009, and recommended that he be incarcerated for a period of six months unless he purged the contempt as directed by the Family Court at the confirmation proceeding, and (2) from an order of commitment of the same court (McElrath, J.), dated June 30, 2011, which, upon confirming the finding of willfulness, committed him to the New York City Department of Corrections for a term of incarceration of six months unless he paid the sum of $5,000 towards his child support arrears.
Ordered that the appeal from the order dated June 13, 2011, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 30, 2011 (see Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]); and it is further,
Ordered that the appeal from so much of the order of commitment dated June 30, 2011, as committed the father to the New York City Department of Corrections for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Rodriguez v Suarez, 93 AD3d 730 [2012]); and it is further,
Ordered that the order of commitment dated June 30, 2011, is affirmed insofar as reviewed, without costs or disbursements.
Proof of failure to pay child support as ordered constitutes prima facie evidence of a willful violation of an order of support (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69-70). Here, upon the petitioner’s prima facie showing of the father’s failure to pay child support as ordered, the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (see Matter of Gorsky v Kessler, 79 AD3d 746 [2010]; Matter of Seleznov v Pankratova, 57 AD3d 679, 681 [2008]; Matter of Catton v Catton, 41 AD3d 845 [2007]). Accordingly, the Family Court properly determined that the father willfully violated an order of child support.
The father’s claim that he was deprived of the effective assis *952 tance of counsel is without merit. Contrary to the father’s contention, the record does not reveal that he received less than meaningful representation (see Matter of Rodriguez v Suarez, 93 AD3d 730 [2012]; Matter of Larrier v Williams, 84 AD3d 805, 806 [2011]; Matter of Wright v Lyons, 288 AD2d 481, 482 [2001]). Skelos, J.P., Florio, Lott and Miller, JJ., concur.