◼ MINERVA E. OCCHIUZZI, Respondent, v OSVALDO OCCHIUZZI, Appellant. — In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Queens County (Lakritz, J.), dated February 24, 1983, which denied his motion to vacate and set aside a judgment of divorce dated March 15, 1982, which was entered on default, upon the ground that the court lacked jurisdiction over him since he was not served with process in the action.

Order affirmed, with costs.

The issue at the traverse hearing was whether defendant was personally served with a summons on February 21, 1981, at Kennedy Airport. The process server testified that he personally served defendant, whom he recognized from a picture with which he was provided. Defendant admitted that he was at Kennedy Airport at the relevant time, but denied being served or even seeing the process server. The conflicting testimony thus presented an issue of credibility which the court determined in favor of the plaintiff, finding that defendant had been properly served with process. Matters of credibility are best determined by the hearing court, whose decision should not be disturbed if supportable by a fair interpretation of the evidence (*see, Altman v Wallach,* 104 AD2d 391; *Brooklyn Union Gas Co. v Arrao,* 100 AD2d 949). We hold that Special Term's findings were amply supported by the record.

We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.