■ RUBY EDWARDS, Respondent, v VICTOR EDWARDS, Appellant.—Appeal by the defendant from an order of the Supreme Court, Nassau County (Burstein, J.), dated July 31, 1985, which, after a hearing, *inter alia,* found him to be in contempt for willfully violating a support order of the same court (Kutner, J.), dated June 8, 1979, and directed that he be committed to the Nassau County jail for a period of 30 days, unless he paid arrears in the amount of $18,760 pursuant to a schedule fixed by the court.

Order affirmed, without costs or disbursements.

The evidence adduced at the hearing supported the finding of the hearing court that the defendant's nonpayment of support pursuant to the June 8, 1979, support order "resulted from willfulness rather than inability to pay" *(Matter of*

*Burchett v Burchett,* 43 AD2d 970; *Altschul v Altschul,* 84 AD2d 798; *Matter of Sands v Sands,* 105 AD2d 788, *lv dismissed* 64 NY2d 767; *Occhiuzzi v Occhiuzzi,* 108 AD2d 799). Moreover, contrary to the defendant's argument, the record demonstrates that any attempt to enforce the 1979 support order through means other than civil contempt, e.g., sequestration *(see,* Domestic Relations Law § 245) or a wage deduction order *(see,* Personal Property Law former § 49-b, recodified as CPLR 5242), would have been futile.

Finally, the defendant argues that (1) Special Term imposed a definite term of imprisonment upon him and thus found him in criminal contempt, and (2) criminal contempt is an improper means of punishment for failure to comply with an order of support.

The defendant's argument is without merit.

The proceeding herein was properly commenced for an adjudication of civil contempt (Domestic Relations Law § 245; Judiciary Law § 756; *Wides v Wides,* 96 AD2d 592). The power of the court to punish a civil contempt is limited by Judiciary Law § 774 (1) which states: "Where the misconduct proved consists of an omission to perform an act or duty, which is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it".

The jail term imposed in the order herein complied with the requisites of Judiciary Law § 774 (1) in that it could only commence, or continue, once commenced, for a maximum of 30 days, if the defendant failed to make the requisite payments on his arrears, as ordered by the court. It therefore constituted a proper remedy for civil contempt. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.