■ In the Matter of LOIS COX, Respondent, v ROBERT B. COX, JR., Appellant.—In a support proceeding pursuant to Family Court Act article 4, Robert B. Cox, Jr., appeals from an order of the Family Court, Suffolk County (Leis, J.), dated August 27, 1986, which, after a hearing, committed him to jail for willful failure to obey a lawful support order.

Ordered that the order is affirmed, without costs or disbursements.

On May 23, 1986, the Director of the Child Support Enforcement Bureau filed a petition pursuant to Family Court Act § 423, alleging that the appellant had willfully failed to obey an order of the Family Court, Suffolk County, dated May 23, 1984, directing him to pay $50 per week for the support of his two minor children. The appellant received proper notice of the hearing on the petition which was held on August 26, 1986. The appellant was present and represented by counsel.

It was established at the hearing, by clear and convincing evidence, that the appellant was well aware of his legal obligation to support his children but intentionally refused to seek employment for the purpose of avoiding this obligation. It was further established that the appellant had financial resources which he intentionally withheld from his children. The appellant offered no legally cognizable excuse for his behavior.

The Family Court was empowered to sentence the appellant to a maximum of six months' incarceration (see, Family Ct Act § 454 [3] [a]). However, the Family Court sentenced him to a term of 30 days and released him after only three days, when he stated that he would "make the best effort to pay".

Accordingly, the appellant received all the protections of due process of law, and the order appealed from should be affirmed. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.