■ EILEEN HYMOWITZ, Respondent, v IRA HYMOWITZ, Appellant.—In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Rockland County (Stanger, J.), dated March 9, 1988, which, after a hearing, sentenced the appellant to a term of one weekend in jail for willful failure to obey a support order.

Ordered that the order is reversed on the law, without costs or disbursements, and the sentence is vacated.

Following a hearing the appellant was found to have willfully failed to comply with a support order requiring him to pay certain college expenses for his son, and the matter was set down for sentencing. Prior to the imposition of sentence, however, he paid the full amount due. Nonetheless, the court then imposed a definite sentence of one-weekend incarceration.

The Family Court is empowered to impose a sentence of up to six months' incarceration for willful failure to comply with a support order (Family Ct Act § 454 [3] [a]; *Matter of Cox v Cox,* 133 AD2d 828). Such imprisonment, however, which is in the nature of punishment for civil contempt *(Edwards v*

*Edwards,* 122 AD2d 18; *Wides v Wides,* 96 AD2d 592), may only continue until such time as the offender, if it is within his power, complies with the support order (Judiciary Law § 774 [1]; *Edwards v Edwards, supra).* At bar, it is undisputed that the appellant fully complied with the support order prior to the imposition of the sentence. Accordingly, the court erred in thereafter imposing a definite sentence of incarceration. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.