■ In the Matter of CYNTHIA MARTINEZ, Respondent, v GERALDO MARTINEZ, Appellant. (Proceeding No. 1.) In the Matter of GERALDO MARTINEZ, Appellant, v DEPARTMENT OF SOCIAL SERVICES, on Behalf of CYNTHIA MARTINEZ, Respondent. (Proceeding No. 2.) [845 NYS2d 75]—

In two related child support proceedings pursuant to Family Court Act article 4, the father appeals (1) from an order of commitment of the Family Court, Orange County (Kiedaisch, J.), dated March 7, 2006, which, upon adjudging him to be in contempt of court, committed him to the custody of the Orange County Jail for a term of imprisonment of 60 days unless he purged himself of the contempt by providing proof of life insurance for the benefit of the parties' two children in the amount of $50,000 per child and (2), as limited by his brief, from so much of an order of the same court entered June 26, 2006, as, upon, in effect, granting that branch of his motion which was to vacate so much of the order of commitment as committed him to a term of imprisonment of 60 days, conditioned his release from incarceration upon his remaining current in making the premium payments on the life insurance policy purchased for the benefit of the children.

Ordered that the appeal from so much of the order of commitment as committed the father to a term of imprisonment of 60 days is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order entered June 26, 2006 is reversed insofar as appealed from, on the law, without costs or disbursements, and the words "upon condition petitioner [father] continues to make in timely fashion by the 16th of each month the premium payments on his life insurance policy" are deleted from that order.

The mother made a prima facie showing that the father willfully violated an unambiguous mandate of a court by adducing evidence of the father's failure to comply with a support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]; *Matter of Catton v Catton,* 41 AD3d 845 [2007]). In rebuttal, the father failed to provide sufficient proof of his inability to comply (*see Matter of Chowanec v McDermott,* 12 AD3d 441, 442 [2004]). Thus, the Family Court properly found that the father's violation of his child support obligations, as memorialized in the support order, was willful (*see Matter of Accettulli v Accettulli,* 38 AD3d 766 [2007]).

The Family Court is empowered to impose a sentence of incarceration of up to six months for willful failure to comply

with a support order (*see* Family Ct Act § 454 [3] [a]; *Hymowitz v Hymowitz,* 149 AD2d 568 [1989]). Such imprisonment, however, which is in the nature of punishment for civil contempt (*see Edwards v Edwards,* 122 AD2d 18 [1986]), may only continue until such time as the offender, if it is within his or her power, complies with the support order (*see* Judiciary Law § 774 [1]; *Hymowitz v Hymowitz,* 149 AD2d at 568; *Edwards v Edwards,* 122 AD2d at 18).

Since the father fully complied with the provision of the support order requiring him to obtain a life insurance policy with a face value in the sum of $50,000 per child for the benefit of the children, the Family Court erred in conditioning his release from incarceration upon continued timely payment of the insurance premiums (*see* Judiciary Law § 774 [1]; *Edwards v Edwards,* 122 AD2d at 18). Should the father fail to timely make the premium payments in the future, the mother may commence an enforcement proceeding in the Family Court upon notice to the father (*see* Family Ct Act § 454).

Although the order adjudging the father to be in contempt of court is required to recite that the contemptuous conduct was "calculated to, or actually did defeat, impair, impede or prejudice the [mother's] rights or remedies" (*Stempler v Stempler,* 200 AD2d 733, 734 [1994] [internal quotation marks omitted]; *Quantum Heating Servs. v Austern,* 100 AD2d 843, 844 [1984]; *see* Judiciary Law § 753 [A] [3]; § 770), there is no similar requirement that a subsequently-issued order of commitment must contain the recital. Since the order adjudging the father to be in contempt of court was not appealed, the issue of whether it contained the proper recitals is not before us. In any event, the finding of contempt is supported by the record and by the father's admission of the conduct underlying the contempt finding (*see Biggio v Biggio,* 41 AD3d 753 [2007]; *Matter of Laland v Edmond,* 13 AD3d 451 [2004]).

The father's remaining contention is without merit. Rivera, J.P., Ritter, Santucci and Dillon, JJ., concur.