### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 5, 2016                    520053
_____

In the Matter of JENNIFER L.
    FIFIELD,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ADAM A. WHITING,
                        Appellant.
_____


Calendar Date:   March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____


        John M. Scanlon, Binghamton, for appellant.

        Hinman, Howard & Kattell, LLP, Binghamton (Michael S.
Sinicki of counsel), for respondent.

_____


Lynch, J.

        Appeal from an order of the Family Court of Broome County
(Charnetsky, J.), entered September 12, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 4, to hold respondent in willful violation of a prior
order of support.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of three
children (born in 2004, 2005 and 2008).  Pursuant to a custody
and child support agreement that was incorporated into their
judgment of divorce, the father agreed to pay, among other
things, 50% of the child-care expenses incurred by the mother.
In 2012, the mother filed a petition alleging that the father
willfully violated the child support agreement because he failed

to pay his portion of child-care expenses. After a hearing, the Support Magistrate determined that the father did willfully violate the prior support order and granted a judgment in the amount of $3,300 and, by amended order, counsel fees in the amount of $1,824.30. Family Court thereafter dismissed the objections filed by the father and the father's counsel. This Court determined that Family Court should not have dismissed the father's pro se objections (118 AD3d 1072, 1073-1074 [2014]). Upon remittal, Family Court reviewed the merits and dismissed the father's objections, and the father now appeals.

Under Family Ct Act § 437, a respondent is presumed to have sufficient means to support his or her children (see Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]; Matter of St. Lawrence County Support Collection Unit v Chad T., 124 AD3d 1031, 1032 [2015]). A parent's failure to pay court-ordered support is prima facie proof of a willful violation of the order (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Davis-Taylor v Davis-Taylor, 79 AD3d 1312, 1313 [2010]). The burden then shifts to that parent to demonstrate "some competent credible evidence of his [or her] inability to make the required payments" (Matter of Powers v Powers, 86 NY2d at 69-70; see Matter of Boyle v Boyle, 101 AD3d 1412, 1413 [2012]; Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [2009]).

Here, during the fact-finding hearing, the mother testified that she needed a child-care provider for the three children because she was attending school full time. Further, she testified that the provider charged a flat rate of $200 each week, that she regularly submitted receipts signed by the provider to the father and that the father had not paid his share of the child-care costs since February 2012. For his part, the father conceded that he had not paid child-care expenses pursuant to the order and that he was in arrears. He testified that he did not believe that the child-care provider was licensed and questioned whether the expenses were "legit."

The uncontroverted proof that the father failed to pay the child-care expenses as ordered constituted prima facie proof that he willfully violated the prior order (see Matter of Hastie v Tokle, 122 AD3d 1129, 1130-1131 [2014]; Matter of Boyle v Boyle,

101 AD3d at 1413; Matter of St. Lawrence County Support Collection Unit v Laneuville, 101 AD3d 1199, 1200 [2012]). The father, who had regularly been paying his share of the child-care payments, did not contend that he was unable to pay as ordered. Rather, he did not believe he should have to pay because he questioned the legitimacy of the provider and the mother's receipts. The flaw in the father's claim is that once he began to question the provider or the cost, he should have sought to modify his obligation, not engage in self-help (see Matter of Hastie v Tokle, 122 AD3d at 1130; Matter of Burke v Burke, 245 AD2d 1007, 1009 [1997]). In our view, upon giving the requisite deference to the Support Magistrate's credibility assessments, the finding of a willful violation was supported by clear and convincing evidence (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Boyle v Boyle, 101 AD3d at 1413).

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court