*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 23, 2017                522751
_____

In the Matter of MANDY PROVOST,
                    Petitioner,

        v
                                            MEMORANDUM AND ORDER
JERAMY L. PROVOST,
                    Appellant.
_____

Calendar Date:  January 9, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

_____

Lynch, J.

        Appeal from an order of the Family Court of Clinton County
(Lawliss, J.), entered February 23, 2016, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 4, to hold respondent in willful violation of a prior
order of support.

        In October 2015, petitioner commenced this proceeding
alleging that respondent was in violation of a 2007 order
directing him to pay child support in the statutory minimum
amount of $25 per month (see Family Ct Act § 413 [1] [d]).  After
a hearing, a Support Magistrate found that respondent willfully
violated the order, established arrears in the amount of $500,
the statutory cap (see Family Ct Act § 413 [1] [g]), and
recommended incarceration for a period not to exceed six months.
Family Court confirmed the Support Magistrate's finding of a
willful violation and scheduled the matter for a sanctions
hearing on February 23, 2016.  At that hearing, counsel for the
parties informed the court that respondent paid the full

arrearage, plus two months.  Nonetheless, without taking testimony, Family Court sentenced respondent to 90 days in jail (see Family Ct Act § 454 [3] [a]), consecutive to the eight-month sentence he was then serving on an unrelated matter.  Respondent appeals.[1]

Our review confirms that there was ample evidence presented during the hearing before the Support Magistrate that respondent failed to pay the court-ordered child support, constituting prima facie evidence of a willful violation (see Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]; Matter of Fifield v Whiting, 139 AD3d 1128, 1129 [2016]).  As such, the burden of proof shifted to respondent to establish his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Fifield v Whiting, 39 AD3d at 1129).  While he testified to being unemployed since 2013 and to having a series of personal setbacks, including his current incarceration, respondent also acknowledged receiving a $10,000 income tax refund in 2014.  As such, the record supports the determination that respondent's failure to pay was willful.

Upon a willful violation, Family Court is authorized to impose a sentence of incarceration of up to six months (see Family Ct Act § 454 [3] [a]).  Such a sentence is in the nature of a civil contempt, which "may only continue until such time as the offender, if it is within his or her power, complies with the support order" (Matter of Martinez v Martinez, 44 AD3d 945, 947 [2007]; see Family Ct Act § 156; Judiciary Law § 774 [1]; Kaminski v Kaminski, 212 AD2d 1045, 1045-1046 [1995]; Matter of Madison County Support Collection Unit v Drennan, 156 AD2d 883 [1989]; Hymowitz v Hymowitz, 149 AD2d 568, 568-569 [1989]).  Since respondent cured the default prior to sentencing, we conclude that Family Court abused its discretion by issuing the order of commitment.

McCarthy, J.P., Egan Jr., Clark and Mulvey, JJ., concur.

---

[1]  This Court granted respondent's motion for a stay pending appeal.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as committed respondent to jail, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court