Egan Jr., J.
 

 Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered August 4, 2016, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support obligation.
 

 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of, as relevant here, a daughter (born in 1997).
 
 [1]
 
 In March 2016, the mother commenced the instant proceeding, alleging that the father had willfully violated a prior support obligation, which directed him to pay, among other things, half of the child’s college educational expenses.
 
 [2]
 
 The father then charged the mother with willfully violating a prior order of support with respect to another child. Following a hearing on both petitions, a Support Magistrate determined that the father had willfully violated a prior support obligation, established arrears in the amount of $2,362.66 and, in a separate order, dismissed the father’s violation petition. The father thereafter filed written objections to the order finding him in willful violation of the prior support obligation (see Family Ct Act § 439 [e]), arguing, among other things, that the Support Magistrate erred by not accepting into evidence documentation establishing that he had paid the disputed college expenses. Family Court thereafter confirmed the Support Magistrate’s finding of a willful violation. The father now appeals.
 

 We affirm. Pursuant to Family Ct Act § 437, a parent is presumed to have sufficient means to support his or her children under the age of 21 (see Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]; Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1201 [2017]). A parent’s failure to pay a court-ordered support obligation constitutes prima facie proof of a willful violation of the order (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Fifield v Whiting, 139 AD3d 1128, 1129 [2016]). Upon such a showing, the burden of proof shifts to that parent to present some credible evidence of his or her inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Provost v Provost, 147 AD3d 1256, 1257 [2017]).
 

 The mother established prima facie proof of the father’s willful violation by presenting documentary and testimonial evidence that the father failed to pay his share of the child’s college tuition for her fall 2015 semester and other related textbook and educational expenses. The father did not object to the evidence presented in this regard and makes no claim that he was unable to pay these expenses. Rather, the father contends that the Support Magistrate erred when he failed to admit into evidence at the hearing four canceled checks that the father proffered as evidence of his proof of payment in this regard. The father did present the Support Magistrate with four canceled checks on the first day of the parties’ hearing; however, it does not appear that these checks were specifically offered into evidence and they were not accepted as such. Instead, upon consultation with the father, the Support Magistrate adjourned the hearing in order to provide the father additional time to present cogent documentation regarding his alleged proof of payment of the disputed college expenses. Further, even assuming, without deciding, that the Support Magistrate erred by not accepting the subject checks into evidence at that time, upon review, the record demonstrates that the proffered checks did not pertain to the child’s fall 2015 college educational expenses that were the subject of the mother’s violation petition. Under the circumstances, therefore, we find Family Court’s determination that the father willfully violated a prior support obligation was sufficiently supported by the record (see Matter of Dench-Layton v Dench-Layton, 151 AD3d at 1203).
 

 McCarthy, J.P., Lynch, Rose and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . The parties are also the parents of two additional children that are not subject to this appeal.
 

 [2]
 

 . The mother alleges in her violation petition that the father’s prior support obligation derives from the parties’ August 2009 separation agreement and/or December 2009 judgment of divorce; however, neither of these documents was included in the record on appeal. The father, however, does not dispute that he was obligated to pay the subject educational expenses; instead, he contends that he made the requisite payments.