Matter of Duprey v Klaers (2018 NY Slip Op 08729)





Matter of Duprey v Klaers


2018 NY Slip Op 08729


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526241

[*1]In the Matter of DENISE J. DUPREY, Petitioner,
v
KERRY J. KLAERS, Appellant.

Calendar Date: November 16, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Alan Weinraub, Champlain, for appellant.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Clinton County (Favreau, J.), entered April 21, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support obligation.
In 2007, petitioner (hereinafter the mother) and respondent (hereinafter the father) entered into a separation agreement providing that the father would pay $500 monthly to the mother as child support for their son (born in 1998). The agreement was incorporated but not merged into the parties' 2008 judgment of divorce. In August 2016, the mother filed a petition alleging that the father had failed to comply with his child support obligations. Following a fact-finding hearing, the Support Magistrate determined that the father had paid less than the full amount of his support obligations in each year between 2008 and 2016 and directed the entry of a money judgment in the mother's favor. The father filed objections, which Family Court denied. The father appeals.
"[A] parent is presumed to have the means to support his or her children, and proof of a failure to pay child support as ordered constitutes prima facie evidence of a willful violation" (Matter of Ulster County Support Collection Unit v Oliver, 135 AD3d 1114, 1115 [2016] [internal quotation marks and citations omitted]; see Matter of Mosher v Woodcock, 160 AD3d 1085, 1086 [2018]). Here, the mother testified that the father had never made a full monthly payment and that he made no payments at all between April 2008 and June 2012, other than rare contributions of small sums. Between June 2012 and July 2016, the father made partial payments by turning over his monthly military disability payments — each of which was less than $500 — to the mother.
The father contradicted the mother's testimony that he had made no payments between April 2008 and June 2012, but acknowledged that he had never paid the full amount due for any month and that he "may have" skipped some months altogether. This admission constituted prima facie evidence of a willful violation and shifted the burden to the father " to offer some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]; see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1418 [*2][2018]; Matter of Thomas v Sylvester, 95 AD3d 1488, 1489 [2012]). The father testified that "[he] was having a hard time . . . making money through work" between 2008 and 2016 and that "[he] paid what [he] could." However, he presented no evidence of his income and financial resources. He made no claim that he was unable to work; to the contrary, he testified that he worked every day as a self-employed truck driver. Further, he did not claim that his financial circumstances had changed after entry of the judgment of divorce incorporating his agreement to the sum of the monthly payment, and acknowledged that he had never commenced modification proceedings seeking a reduction of his support obligation. He thus failed to satisfy his burden (see Matter of Shkaf v Shkaf, 162 AD3d 1152, 1154-1155 [2018]; Matter of Vincek-Breakell v Czizik, 155 AD3d 1384, 1385 [2017]).[FN1]
The mother gave detailed, specific testimony as to how she calculated the amounts due. For the period between June 2012 and July 2016, she used bank statements provided by the father to calculate the shortfall between the disability payments and the monthly obligation [FN2]. The father did not dispute the accuracy of the statements, nor did he claim to have made additional payments during that period. During the period between April 2008 and June 2012, the mother testified that she received no support payments other than occasional inconsequential sums. She therefore calculated that the father owed her the full $500 obligation for each month. The father asserted that he had paid more during this period than the mother claimed but had no records of these payments, nor any recall of the amounts. The parties' conflicting testimony created credibility issues to be resolved by the Support Magistrate, and this Court defers to such assessments (see Matter of Fifield v Whiting, 139 AD3d 1128, 1130 [2016]; Matter of Boyle v Boyle, 101 AD3d 1412, 1413 [2012]). The Support Magistrate accepted the mother's calculation of the total amount due, and her proof was sufficient to support that determination.
We reject the father's contention that the Support Magistrate should have adjourned the hearing, or permitted him to amend his answer to the mother's petition, to address a discrepancy between the mother's estimate of the amount due at the initial appearance and the substantially larger amount that she claimed at the hearing. The father did not request an adjournment or an opportunity to amend his answer, and raised these issues for the first time on appeal (see generally Matter of Porter v D'Adamo, 113 AD3d 908, 910 [2014]). In any event, no amendment of the answer was needed, as the mother's petition did not specify the sum of unpaid support, and an adjournment would have served no purpose, in light of the father's testimony that he had neither records nor any recollection of his alleged payments. We note that the Support Magistrate scheduled the hearing for the express purpose of permitting the mother to review the father's bank statements and determine a specific figure of unpaid support. The father had the same opportunity to review the statements and gather any additional evidence before the hearing.
The father's remaining claims have been reviewed and found to be without merit.
McCarthy, Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The Support Magistrate found that the father had violated his support obligation but that the violation was not willful. Family Court commented — and we agree — that the evidence would have supported a finding of willfulness, but did not disturb the determination, and the mother has not challenged it.

Footnote 2: The mother testified that she disregarded small discrepancies between the amounts shown on the statements and the father's monthly obligation. For example, she credited the father with a full payment of $500 in January 2013, when the amount of the corresponding disability payment was $476.