Matter of Marotta v Casler (2019 NY Slip Op 03417)





Matter of Marotta v Casler


2019 NY Slip Op 03417


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526515

[*1]In the Matter of KATIE M. MAROTTA, Petitioner,
v
KEEFE CASLER, Appellant.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Lisa A. Burgess, Indian Lake, for appellant.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered April 23, 2018, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 20 days for willfully violating a prior order of support.
Petitioner (hereinafter the mother) commenced this proceeding alleging that respondent (hereinafter the father) was in violation of a court order directing him to pay $50 per month in child support. After the father failed to appear at the scheduled hearing, the Support Magistrate found him to be in willful violation of his court-ordered child support obligation, established arrears,[FN1] recommended that he be incarcerated for a period not to exceed six months and referred the matter to Family Court for confirmation (see Family Ct Act § 439 [1]). Family Court thereafter confirmed the Support Magistrate's finding of a willful violation and scheduled the matter for a sanctions hearing. At that hearing, the mother's attorney informed the court that the father had recently paid $500 to the support collections unit, thereby satisfying his arrears and bringing his account to a credit of $61.62. Nevertheless, Family Court sentenced the father to 20 days in jail (see Family Ct Act § 454 [3] [a]). The father now appeals.[FN2]
Upon finding that a respondent has willfully failed to obey a lawful order of support, Family Court may "commit the respondent to jail for a term not to exceed six months" (Family Ct Act § 454 [3] [a]). "Such a sentence is in the nature of a civil contempt, which 'may only continue until such time as the offender, if it is within his or her power, complies with the support order'" (Matter of Provost v Provost, 147 AD3d 1256, 1257 [2017], quoting Matter of Martinez v Martinez, 44 AD3d 945, 947 [2007]; see Family Ct Act § 156; Hymowitz v Hymowitz, 149 AD2d 568, 568-569 [1989]). Inasmuch as the father paid his child support [*2]arrears in full prior to the imposition of the sentence, Family Court abused its discretion by issuing the order of commitment (see Matter of Provost v Provost, 147 AD3d at 1257; Hymowitz v Hymowitz, 149 AD2d at 569). We therefore modify Family Court's order accordingly.
Lynch, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as committed respondent to jail, and, as so modified, affirmed.



Footnotes

Footnote 1: The undisputed hearing testimony established that, at the time of the hearing, the father owed $298.95 in child support arrears. However, the Support Magistrate's order of disposition and referral and order directing judgment incorrectly state the arrearage amount as being $2,988.95.

Footnote 2: This Court granted the father's motion for a stay pending appeal (2018 NY Slip Op 71453[U]).