Matter of Augliera v Araujo (2020 NY Slip Op 03510)





Matter of Augliera v Araujo


2020 NY Slip Op 03510


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-08197
 (Docket No. F-1491-15/18A)

[*1]In the Matter of Heather Augliera, appellant,
v
Pedro Araujo, respondent.


Kiel Van Horn, Port Jervis, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated May 31, 2019. The order of disposition, after a hearing, among other things, determined that the father willfully violated an order of child support dated December 21, 2015, and directed that the father be committed to the Orange County Jail for a period of 40 days.
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof directing that the father be committed to the Orange County Jail for a period of 40 days; as so modified, the order of disposition is affirmed, without costs or disbursements.
We agree with the Family Court's determination in an order of disposition dated May 31, 2019 (hereinafter the May 2019 order), after a hearing on May 8, 2019, that the father willfully violated an order of child support dated December 21, 2015. At the hearing, the mother demonstrated that the father willfully violated his support obligations set forth in the child support order (see Family Ct Act § 454[3][a]; Matter of Martinez v Martinez, 44 AD3d 945, 946). In opposition, the father failed to show an inability to pay the support owed (see Matter of Martinez v Martinez, 44 AD3d at 946).
We disagree, however, with the Family Court's imposition of a sentence of incarceration upon its finding of willfulness since the parties agreed at the hearing that the father had paid the full amount due and owing. Although the court is empowered to impose a sentence of incarceration of up to six months for willful failure to comply with a support order (see Family Ct Act § 454[3][a]; Matter of Cox v Cox, 133 AD2d 828), such incarceration may only continue until the offender complies with the support order (see Judiciary Law § 774[1]; Hymowitz v Hymowitz, 149 AD2d 568, 568-569). Here, the court sentenced the father to a period of incarceration of 40 days, to be suspended under certain conditions, after the parties already had agreed that the father had paid all that was due and owing at that time. Under such circumstances, no period of incarceration should have been imposed (see Judiciary Law § 774[1]; Hymowitz v Hymowitz, 149 AD2d at 568-569). Accordingly, since the court imposed a sentence of incarceration in contravention of Judiciary Law § 774(1), that provision of the May 2019 order must be deleted.
To the extent that the father contends that the threat of incarceration still looms as the May 2019 order indicates that an order of commitment will issue upon any future noncompliance, that issue is not properly before this Court since that provision expressly contemplates a future [*2]proceeding and an opportunity to be heard before issuance of any such order of commitment (see e.g. Matter of Ortiz-Schwoerer v Schwoerer, 128 AD3d 828, 830).
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court