Matter of Essex County Child Support Enforcement Unit v Crammond (2020 NY Slip Op 03836)





Matter of Essex County Child Support Enforcement Unit v Crammond


2020 NY Slip Op 03836


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

529289

[*1]In the Matter of Essex County Child Support Enforcement Unit, on Behalf of Jamie M. Quackenbush, Petitioner,
v
Jon E. Crammond, Appellant.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Lisa A. Burgess, Indian Lake, for appellant.



Pritzker, J.
Appeals (1) from an order of the Family Court of Essex County (Meyer, J.), entered April 8, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court, entered May 20, 2019, which committed respondent to jail for 120 days.
Pursuant to a 2016 order, respondent was required to pay $111 per week in child support to the children's mother. In November 2018, petitioner, on behalf of the mother, commenced this proceeding seeking enforcement of the 2016 order. After a hearing, during which respondent was not present, a Support Magistrate found that he had failed to obey the 2016 order and that his failure was willful. The Support Magistrate recommended that respondent be incarcerated for 180 days and referred the findings and recommendation to Family Court for confirmation.
Meanwhile, the mother filed a petition — which is not a subject of this appeal — to terminate respondent's support obligation and forgive his arrears. Prior to the mother's petition being heard, respondent and petitioner appeared in Family Court for the confirmation hearing and informed the court of the pending petition. Nevertheless, Family Court confirmed the willfulness finding and adjourned the matter without addressing the sanction. Subsequently, as a result of the mother's petition, a Support Magistrate issued an order on consent that terminated respondent's child support obligation and vacated all arrears. Respondent and petitioner then appeared in Family Court to complete the confirmation hearing. Despite respondent's testimony that his child support obligation was terminated and that the arrears were vacated, which petitioner corroborated, the court issued an order of commitment that imposed a 120-day jail sentence.[FN1] Respondent appeals.[FN2]
Respondent argues that Family Court exceeded its authority by imposing a 120-day jail sentence for his willful violation of the prior support order. We agree. Upon a finding of a willful violation, Family Court is authorized to impose a sentence of commitment up to six months (see Family Ct Act § 454 [3] [a]). "Such a sentence is in the nature of a civil contempt, which 'may only continue until such time as the offender, if it is within his or her power, complies with the support order'" (Matter of Provost v Provost, 147 AD3d 1256, 1257 [2017], quoting Matter of Martinez v Martinez, 44 AD3d 945, 947 [2007]). Inasmuch as any contempt was purged by respondent prior to the imposition of the sentence, Family Court abused its discretion when it issued the order of commitment (see Matter of Marotta v Casler, 172 AD3d 1480, 1481 [2019]; Hymowitz v Hymowitz, 149 AD2d 568, 569 [1989]). Therefore, the sentence must be vacated.
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the April 8, 2019 order is affirmed, without costs.
ORDERED that the May 20, 2019 order is reversed, on the law, without costs, and sentence vacated.



Footnotes

Footnote 1: This Court granted respondent's motion for a stay of execution of the order of commitment pending appeal (2019 NY Slip Op 74792[U]).

Footnote 2: Although the notice of appeal reflects respondent's appeal from both orders, by his brief, respondent has abandoned the appeal from the April 2019 order confirming the finding of willfulness (see Matter of Heather NN. v Vinnette OO., 180 AD3d 57, 60 n 2 [2019]).