Matter of Dupuis v Costello (2020 NY Slip Op 06992)





Matter of Dupuis v Costello


2020 NY Slip Op 06992


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529412

[*1]In the Matter of Andrea C. Dupuis, Petitioner,
v
Michael E. Costello, Appellant.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Alexandra G. Verrigni, Rexford, for appellant.



Devine, J.
Appeals (1) from an order of the Family Court of Washington County (Michelini, J.), entered May 23, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and committed respondent to jail for 120 days, and (2) from an order of said court, entered May 23, 2019, which suspended respondent's sentence.
In November 2018, petitioner (hereinafter the mother) commenced this proceeding against respondent (hereinafter the father) alleging that he was in willful violation of an order directing him to support their child. A Support Magistrate determined that the father had willfully violated the support order following a hearing and granted the mother a money judgment for arrears. The Support Magistrate further recommended that the father be sentenced to a jail term of 120 days, said sentence to be suspended so long as he complied with the support order. By the time the father appeared before Family Court for a confirmation hearing (see Family Ct Act § 439 [e]), he had paid all arrears and had, in fact, established a balance in his favor. The matter was adjourned so that the father, who was represented by counsel, could decide how he wanted to proceed. The father thereafter waived his right to a confirmation hearing and consented to the recommended jail sentence. Family Court issued an order of commitment imposing a 120-day jail sentence and further ordered that the sentence be suspended so long as the father met his support obligations for a period of three years. The father appeals.
Upon appeal, the father argues that Family Court abused its discretion in imposing the recommended jail sentence and in suspending that sentence for a period of three years. Inasmuch as the father consented to confirmation of the recommended jail sentence, he is not aggrieved by the order of commitment and cannot take an appeal from it (see CPLR 5511; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172 [2016]; Matter of St. Lawrence County Support Collection Unit v Chad T., 124 AD3d 1032, 1033 [2015]). In contrast, the father did not consent to, and is aggrieved by, the order suspending that sentence upon the condition that he comply with the support order for three years. A jail sentence imposed for a party's civil contempt in failing to comply with an order — such as the father's willful failure to pay support as ordered — is not punitive and only serves "the remedial purpose of compelling compliance" with the order (People v Sweat, 24 NY3d 348, 357 [2014]; see Family Ct Act § 454 [3] [a]; Matter of Essex County Child Support Enforcement Unit v Crammond, 185 AD3d 1190, 1191 [2020]). There was "no remedial purpose to be served by continued confinement" or the threat thereof once the father had brought his support payments current (People v Sweat, 24 NY3d at 357) and, indeed, the order of commitment should not have been issued because the father had already "complie[d] completely with the underlying support order" (Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 455; see Family Ct Act § 454 [3] [a]; Judiciary Law § 774 [1]; Matter of Essex County Child Support Enforcement Unit v Crammond, 185 AD3d at 1191; Matter of Marotta v Casler, 172 AD3d 1480, 1481 [2019]). Family Court accordingly erred in suspending the sentence and was obliged to discharge it without condition.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal from the order of commitment entered May 23, 2019 is dismissed, without costs.
ORDERED that the order suspending commitment entered May 23, 2019 is reversed, on the law, without costs, and sentence discharged.