Matter of Rondeau v Jerome (2020 NY Slip Op 07960)





Matter of Rondeau v Jerome


2020 NY Slip Op 07960


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

529709

[*1]In the Matter of Ashley Rondeau, Petitioner,
v
Joshua Jerome, Appellant.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Matthew C. Hug, Albany, for appellant.



Egan Jr., J.P.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 23, 2019, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 90 days.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2008). In March 2019, the mother commenced this proceeding alleging that the father was in willful violation of an August 2013 court order directing him to pay $63 per week in child support. Following a fact-finding hearing, the Support Magistrate determined that the father had willfully violated the prior support order, directed a judgment be entered in favor of the mother in the amount of $1,402.98, required the father to post a cash undertaking with the Clinton County Support Collection Unit in the amount of $1,638, recommended that the father serve a term of incarceration not to exceed six months and referred the matter to Family Court for confirmation (see Family Ct Act § 439 [a]). In June 2019, Family Court confirmed the Support Magistrate's willful violation determination and scheduled the matter for a hearing on the issue of sanctions. At the hearing, Family Court determined that, notwithstanding the fact that the father was prepared to pay the outstanding arrears in full, the father's failure to abide by a "judicial mandate" was nevertheless deserving of punishment and, consequently, Family Court committed him to jail for 90 days.[FN1] The father appeals from the July 2019 order of commitment.
The father contends that Family Court abused its discretion by imposing a 90-day jail sentence for the father's willful violation of the prior support order. We agree. Where a willful violation has been found, Family Court may "commit the respondent to jail for a term not to exceed six months" (Family Ct Act § 454 [3] [a]).[FN2] "Such a sentence is in the nature of a civil contempt, which may only continue until such time as the offender, if it is within his or her power, complies with the support order" (Matter of Provost v Provost, 147 AD3d 1256, 1257 [2017] [internal quotation marks and citation omitted]; see Family Ct Act § 156; Judiciary Law § 774 [1]; Matter of Essex County Child Support Enforcement Unit v Crammond, 185 AD3d 1190, 1191 [2020]). Here, the father presented payment at the hearing for the full amount of arrears owed and, therefore, Family Court abused its discretion when it issued the order of commitment (see Matter of Essex County Child Support Enforcement Unit v Crammond, 185 AD3d at 1191; Matter of Marotta v Casler, 172 AD3d 1480, 1481 [2019]; Matter of Provost v Provost, 147 AD3d at 1257; Hymowitz v Hymowitz, 149 AD2d 568, 568-569 [1989]).
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and sentence vacated.



Footnotes

Footnote 1: This Court granted the father's motion for a stay of the order of commitment pending appeal (2019 NY Slip Op 78994[U]).

Footnote 2: The father's contention that he did not willfully violate the order of support is not properly before us as the father appealed only from Family Court's July 2019 order of commitment and did not appeal from the August 2019 order in which that finding was made (see CPLR 5515 [1]; Matter of Simmes v Hotaling, 173 AD3d 1387, 1387-1388 [2019]; Matter of Muller v Muller, 90 AD3d 1165, 1166 [2011]). For the same reason, the father's claim that he was denied the effective assistance of counsel because his counsel failed to adequately prepare or present evidence supporting his claim that he was unable to pay is likewise not properly before us (see Matter of Conlon v Kortz, 86 AD3d 670, 671 [2011]). In any event, the record supports Family Court's determination that the father's failure to pay was willful (see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1418-1419 [2018]) and, viewed as a whole, we cannot say that the father was denied meaningful representation (see Matter of Ulster County Support Collection Unit v Oliver, 135 AD3d 1114, 1116 [2016]; Matter of Bonneau v Bonneau, 97 AD3d 917, 918 [2012], lv denied 19 NY3d 815 [2012]).