Matter of Shannon JJ. v George JJ. (2026 NY Slip Op 00293)

Matter of Shannon JJ. v George JJ.

2026 NY Slip Op 00293

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CV-24-1272
[*1]In the Matter of Shannon JJ., Appellant,
vGeorge JJ., Respondent.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

The Law Office of Corrie A. Damulis, Edmeston (Corrie A. Damulis of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.

Aarons, J.P.
Appeal from an order of the Family Court of Delaware County (John Hubbard, J.) entered April 26, 2024, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of four children (born in 2011, 2013, 2015 and 2021). The parties' May 2021 judgment of divorce directed the father to pay the mother $168 per week in child support plus 66.5% of certain add-on expenses, including daycare and tuition. In December 2022, while the mother's appeal from the judgment of divorce was pending, she commenced this enforcement proceeding alleging that the father had willfully violated the support provisions of the judgment by failing to make any child support payments since August 2021. The mother alleged that the father's nonpayment resulted in $14,138 in support arrears, and that he owed $1,613 for daycare and $2,394 for tuition.
In January 2023, this Court modified the judgment of divorce by, as relevant here, increasing the father's basic child support obligation to $333 per week plus $50 toward arrears, retroactive to the date of commencement (see George JJ. v Shannon JJ., 212 AD3d 1020, 1022-1023 [3d Dept 2023]). As a result of that modification, and following a hearing on the instant violation petition, the Support Magistrate (Brown, S.M.) fixed the father's child support arrears at $80,064 due to the mother and $2,826 due to the Delaware County Department of Social Services, to be paid via the support collection unit, but concluded that his failure to pay was not willful. The mother filed objections to that determination in July 2023.
Subsequently, in October 2023, the Support Magistrate resolved the father's separate modification petition by, as relevant here, terminating his basic child support obligation prospectively. In November 2023, Supreme Court (Lambert, J.), on remittal from this Court's January 2023 decision, further modified the judgment of divorce by adjusting the parties' equitable distribution after the mother agreed to waive the father's support arrears owed to her in exchange for his assumption of a roughly equivalent amount of marital debt. In April 2024, in this proceeding, Family Court denied the mother's objections and adopted the Support Magistrate's determination that the father's violation was not willful. The mother appeals.
We first reject the father's contention that this appeal is moot. Although Supreme Court's November 2023 order may preclude incarceration as a sanction for the father's noncompliance with his prior obligation (see Matter of Dupuis v Costello, 188 AD3d 1495, 1497 [3d Dept 2020]; Matter of Essex County Child Support Enforcement Unit v Crammond, 185 AD3d 1190, 1191 [3d Dept 2020]), the satisfaction of arrears "has no bearing on [Family Court's] finding of willfulness" (Matter of Eve S.P. v Steven N.[*2]S., 177 AD3d 425, 425 [1st Dept 2019]). The November 2023 order also did not address the $2,816 in arrears due to the Department of Social Services; and, in any event, sanctions other than incarceration remain available (see Family Ct Act § 454). Moreover, the father's obligation to contribute his pro rata share of add-on expenses was not extinguished by the October 2023 termination of his basic support obligation. Accordingly, enduring consequences potentially flow from a willfulness determination (see Matter of Shkaf v Shkaf, 162 AD3d 1152, 1155 [3d Dept 2018]; Matter of Loomis v Yu-Jen G., 81 AD3d 1083, 1084 [3d Dept 2011]).
Turning to the merits, "[t]he willful failure to pay child support, which can result in a parent's incarceration, must be supported by clear and convincing evidence" (Matter of Katlyn D. v Robert C., 235 AD3d 1210, 1210 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Benson v Sherman, 217 AD3d 1174, 1175 [3d Dept 2023]). A parent's "failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]). In this regard, the mother established that the father's failure to pay support was willful through uncontroverted evidence — including the father's admission — that he failed to voluntarily make any child support payments between August 2021 and December 2022 as ordered. The burden thus shifted to the father "to come forward with competent, credible evidence of his . . . inability to pay" (Matter of Jobin v Hotaling, 228 AD3d 1085, 1086 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Katlyn D. v Robert C., 235 AD3d at 1211).
The father failed to meet that shifted burden. Although the father's support obligation was calculated based upon his earnings as a union laborer, he testified that union work was unavailable locally and that he allowed his union membership to lapse during the COVID-19 pandemic. Notwithstanding evidence that the father previously worked on a union project in a neighboring county, he testified that he did not search for nonlocal union work to be available for his parenting time half the week and to avoid wear and tear on his vehicle. The father transitioned to self-employment and performed occasional subcontracting work, receiving income from those jobs as well as thousands of dollars from his sister. Notably, during this same period, the father constructed a residence on his sister's land, which arrangement he admitted was intended to shield the residence from judgment.
"Family Court's determination that the mother failed to prove a willful violation is not supported by the record or the law" (Matter of Shkaf v Shkaf, 162 AD3d at 1154). Despite claiming he lacked the resources to make the support payments, the father presented no documentary evidence of his income, assets or financial obligations (see Matter of Duprey v Klaers, 167 AD3d 1288, 1290 [3d Dept 2018]). Nor does the record [*3]reflect even a minimal effort to comply with the support order (see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1419 [3d Dept 2018]). Under these circumstances, the father's conclusory assertions of financial hardship were insufficient to establish an inability to pay (see Matter of Katlyn D. v Robert C., 235 AD3d at 1211; Matter of Martin v Claesgens, 165 AD3d 1392, 1393 [3d Dept 2018]).
Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ., concur.
ORDERED that the order is reversed, on the law and the facts, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.